RHODA WILSON, Administratrix of JAMES B. WILSON vs. DANIEL HUDSON.

*Slight acts of meddling with the goods of a deceased person, will make one liable as an executor de son tort.*

*A sale of the goods will so charge the seller; but will not change the title to the goods, even though the person selling afterwards administer.*

Sussex, October Term, 1844. This was an action of trover for a yoke of oxen and a cow and calf belonging to the estate of James B. Wilson; and which the defendant resisted as a purchaser from the plaintiff under the following circumstances:—

James B. Wilson died the 23d of March, 1843, leaving this and other property; but being involved in debt to more than its value, the widow was advised to let the creditors divide the property until they were satisfied, and take the residue herself. The defendant, D. Hudson, was one of the creditors. They divided the property by a sale. Each article was put up and the creditors bid for it. D. Hudson bought the cow and yearling, with plaintiff's consent, at this sale. There was no advertisement of the sale, but the property was previously appraised. Immediately after the sale, in consequence of notice from the Register, the widow administered; all the creditors gave up to her the property they had bought at the sale, except the defendant, who refused to do so. This action was brought to recover the value of that portion which he had purchased and taken away.

---

(a) *Memorandum.*—In the vacation previous to this term, to wit: on the 22d of July, 1744, Judge Layton resigned his office of Associate Judge of the State; and the Hon. David Hazzard, of Sussex county, was on the 10th of December, appointed to succeed him.

*Cullen*, for the defendant, asked the court to charge:—

1. That Rhoda Wilson and all concerned in the sale were executors de son tort, and that her subsequent administration legalised the sale. (*Wms. Ex'rs.* 142; *Ibid* 137; 8 *Johns. Rep.* 125; 15 *Mass. Rep.* 307, 323.)

2. After a sale and delivery the goods cannot be recovered back though the purchase money be not paid. (6 *Wend. Rep.* 83.)

3. A sale of personal property is a warranty of title. (1 *Johns. Rep.* 274.)

*Houston*, contra, cited 2 *Leigh. N. P.* 972.

*By the Court:*

BOOTH, *Chief Justice.*—Administration gives to the administrator the right of possession of the intestate's goods. He has the same possession as the intestate. The law requires that on the decease of any person, administration should be granted, in order that the debts may be paid according to law. If any person without such administration, meddles with the property of the deceased, by any act of administration, such person will become an administrator of his own wrong, and liable as such. On the proof in this case, Rhoda Wilson and the defendant, by the irregular sale of the property of the deceased, which they conjointly made, became executors de son tort. This sale was illegal; an act of illegal administration; and did not carry the property to the defendant. It is said, because Rhoda Wilson afterwards administered, that this legalised the previous act. But it seems to be settled, that acts done by an administrator de son tort, will not bind the same person as rightful executor; any more than they would bind a third person who should become administrator. (2 *Wheat. Selw.* 790-1; 1 *Adol. & Ellis.* 49.) If it were otherwise it would be in the power of any creditor, combining with the widow, as in this case, though all by the act becoming administrators de son tort, to administer the goods and defraud other creditors. The only safe rule is to hold that such sale does not change the property, and that the person afterwards becoming lawful administrator, can recover it.

Verdict for plaintiff.

*Houston*, for plaintiff,
*Cullen*, for defendant.